# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **EXELCO NORTH AMERICA, INC.,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 17-12029 (KG) |
| *In re* <br><br> **EXELCO NV,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 17-12030 (KG) |
| *In re* <br><br> **FTK WORLDWIDE MFG. BVBA,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 17-12031 (KG) |
| *In re* <br><br> **IDEAL DIAMOND TRADING USA INC.,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 17-12032 (KG) |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING SECTIONS 362 AND 365 OF THE BANKRUPTCY CODE AND (II) CONFIRMING THE DEBTORS' AUTHORITY WITH RESPECT TO POSTPETITION OPERATIONS**

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors", and along with their non-debtor affiliates, "Exelco") hereby move (this "Motion") the Court for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") ,pursuant to sections 105(a), 362, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.  (the "Bankruptcy Code"), enforcing the

01:22397011.3

Bankruptcy Code's automatic stay and anti-*ipso facto* clause provisions, confirming the status of the Debtors' authority with respect to the postpetition operation of their business, and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in the Court is proper under 28 U.S.C. § 1408 and § 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105(a), 362, and 365 of the Bankruptcy Code.

## BACKGROUND

3. On September 26, 2017 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors and their non-debtor affiliates collectively operate as midstream diamond buyers and suppliers, whereby Exelco purchases diamonds from mines which are then cut, polished or set and resold to commercial jewelry retailers. By its nature, Exelco's diamond business is a global enterprise and Exelco has operations in numerous foreign countries including the United States, Belgium, Mauritius, Israel, Botswana, Hong Kong, the United Kingdom, and Thailand. Further, two of the Debtors, Exelco NV and FTK Worldwide Manufacturing BVBA, are Belgian corporations with their principal places of business located in Antwerp, Belgium. As a result of the global nature of their business, many of the Debtors'

lenders, creditors, suppliers and counterparties are foreign entities located in foreign jurisdictions.

5. Prior to the Petition Date, Debtor Exelco NV filed an application of the Act on the Continuity of Enterprises in Belgium (the "Belgium Proceeding"), which is roughly equivalent to the Chapter 11 process under the Bankruptcy Code. On September 26, 2017 (but prior to the commencement of these Chapter 11 Cases), Exelco NV voluntarily withdrew the application commencing the Belgium Proceeding, and sent a letter to KBC Bank NV, one of Debtor Exelco NV's principal lenders, notifying it of the withdrawal. Following the withdrawal of the Belgium Proceeding, the Debtors, including Exelco NV, commenced these Chapter 11 Cases and notified KBC Bank NV of their commencement. Despite the commencement of these cases, KBC Bank NV continued—and is continuing—to pursue a legal action before a Belgium court which seeks to seize and liquidate the assets of Debtor Exelco NV. Additional information regarding the withdrawal of the Belgium Proceeding and the actions taken by KBC Bank NV is set forth in the *Declaration of Philippe Van den Broecke*, attached hereto as **Exhibit B** (the "Van den Broecke Declaration").

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order confirming the provisions of sections 362 and 365 of the Bankruptcy Code and the status of the Debtors' authority with respect to the postpetition operation of their business. The Debtors operate on a global scale, with customers, vendors and suppliers located throughout the world. Such circumstances warrant an order apprising parties—especially non-United States creditors, customers and vendors—of sections 362, and 365 of the Bankruptcy Code and the protections provided thereby.

01:22397011.3

**BASIS FOR RELIEF**

7. The filing of these Chapter 11 Cases triggered an automatic stay under section 362 of the Bankruptcy Code that enjoins all persons and all governmental units from, among other things: (i) commencing or continuing any judicial, administrative or other proceeding against the Debtors that was or could have been commenced before these Chapter 11 Cases were filed, or recovering upon a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases; and (ii) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases. *See* 11 U.S.C. § 362.

8. In addition, section 365(e)(1)(B) of the Bankruptcy Code invalidates so-called "ipso facto" provisions by prohibiting a debtor's contract counterparties from terminating their contracts because of the bankruptcy filing. Section 365(e)(1)(B) of the Bankruptcy Code provides, subject to certain limited exceptions, that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on . . . the commencement of a case under this title.

11 U.S.C. § 365(e)(1)(B).

9. The protections contained in sections 362 and 365 of the Bankruptcy Code are self-executing. They constitute fundamental debtor protections which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the essential "breathing spell" necessary to enable the Debtors' smooth and orderly transition into chapter 11. *See, e.g.*, *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection

efforts, all harassment, and all foreclosure actions . . . [I]t permits a bankrupt to attempt a repayment or reorganization plan.") (citations omitted).

10. Moreover, in light of the importance of the automatic stay, courts have broadly construed the automatic stay provision of section 362 of the Bankruptcy Code and have recognized the extraterritorial reach of the automatic stay. *See, e.g.*, *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the Bankruptcy Court's decision to enforce the automatic stay extraterritorially); *SIPC v. Bernard L. Madoff Secs. LLC (In re Bernard Madoff Inv. Sec. LLC)*, 474 B.R. 76 (S.D.N.Y. 2012); *Picard v. Maxam Absolute Return Fund L.P. (In re Bernard L. Madoff Inv. Sec. LLC)*, 474 B.R. 76, 81 (S.D.N.Y. 2012).

11. Notwithstanding the fundamental nature of these statutory protections, not all parties affected or potentially affected by the commencement of a chapter 11 case may be aware of their existence or of the scope of a debtor in possession's authority to conduct business. Nor are all parties cognizant of their significance and impact. Debtors in bankruptcy often must advise third parties of the existence and effect of sections 362 and 365 of the Bankruptcy Code. Occasionally, a chapter 11 debtor has to initiate proceedings in the bankruptcy court to enforce the protections contained therein. Creditors may inaccurately believe that a debtor is no longer operating or that an administrator or liquidator has been appointed and a debtor is no longer in control of its operations. To avoid such unnecessary actions, and to provide notice to parties unfamiliar with the Bankruptcy Code of the scope and effect of the automatic stay and related relief section 365 provides, a bankruptcy court may issue an order embodying and restating those provisions.

12. Such an order is particularly appropriate here. The Debtors conduct business with parties in different jurisdictions throughout the world. Indeed, many of the

01:22397011.3

5

Debtors' lenders, vendors and suppliers are located in foreign jurisdictions. Some of the parties affected by sections 362 and 365 of the Bankruptcy Code likely are not aware of the significant and necessary protections that they provide. Further, as detailed in the Van Den Broecke Declaration, certain of the Debtors' lenders have already violated the automatic stay by seeking remedies in Belgium. In addition, the Debtors and their property may be subject to the rules and regulations of numerous governmental authorities, including those in foreign jurisdictions, that may not be familiar with United States bankruptcy law and that, absent such an order, may take precipitous action against the Debtors or their property.

13. The order that the Debtors are requesting simply restates the safeguards which sections 362 and 365 of the Bankruptcy Code provide for the Debtors, as well as confirming that section 1107(a) of the Bankruptcy Code gives a debtor in possession the power to operate a business in the ordinary course, while section 1108 of the Bankruptcy Code "mak[es] continued operation of the Debtor's business the norm." 7 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1108.01 (16th ed. 2012); *see also* 11 U.S.C. §§ 1107(a), 1108. Entry of such order would help protect the Debtors from unwitting violations of these crucial provisions. It would also spare the Debtors from the burden of commencing proceedings to enforce the protections automatically provided by the Bankruptcy Code. If the Debtors' foreign creditors and counterparties are not apprised of the Debtors' ability to continue business operations under the Bankruptcy Code, many may be unwilling to conduct business with the Debtors. Consequently, the order will assist the Debtors in maximizing the value of their assets.

14. The Bankruptcy Code authorizes the requested relief and Courts in this district have entered such orders in similar circumstances, especially in cases having cross-border or international implications. Under section 105(a) of the Bankruptcy Code, "the Court

may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105. The purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 at 105-06 (15th ed. Rev. 2008). Such power conforms to the bankruptcy courts' inherent equitable authority. *See, e.g.*, *United States v. Energy Res. Co.*, 495 U.S. 545, 549 (1990). Among those equitable powers is the bankruptcy court's broad ability to issue injunctions to enforce a stay, or even to reimpose a lapsed stay. *See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 701 (3d Cir. 1989) (finding court has authority to reimpose a lapsed stay).

15. Relief similar to that requested herein has previously been granted by courts in this and other districts in large chapter 11 cases. *See, e.g.*, *BPS US Holdings Inc.*, Case No. 16-12373 (KJC) (Nov. 1, 2016); *In re Hercules Offshore, Inc.*, Case No. 16-11385 (KJC) (Bankr. D. Del. June 7, 2016); *In re Windsor Petroleum Transport Corp.*, Case No. 14-11708 (PJW) (Bankr. D. Del. July 14, 2014); *In re Nortel Networks Inc.*, Case No. 09-10138 (KG) (Bankr. D. Del. Jan. 15, 2009); *In re Progressive Molded Products Inc.*, Case No. 08-11253 (KJC) (Bankr. D. Del. June 24, 2008).

16. The Debtors, therefore, respectfully request that the Court issue an order affirming the critical protections provided by the Bankruptcy Code as provided herein. This order will protect the Debtors from unwitting parties, particularly those in foreign jurisdictions that are not familiar with the Bankruptcy Code or its protections, that otherwise might violate these sections. The Debtors believe entry of this order is necessary for a successful reorganization because it will help prevent parties from attempting to seize or enforce against the

Debtors' assets, or from discriminating unlawfully against the Debtors solely because of their status as chapter 11 debtors.  *See, e.g.*, *Wedgewood*, 878 F.2d at 696.

## **NOTICE**

17. The Debtors have provided notice to the Office of the United States Trustee and will serve a copy of any entered order upon (a) their prepetition lenders, (b) parties set forth on the Debtors' list of twenty largest creditors filed with the Debtors' voluntary petitions for relief, and (c) any third parties who attempt to take action in contravention of the relief provided herein.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
September 27, 2017

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
mnestor@ycst.com.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Kathryn A. Coleman
Dustin Smith
Jacob H. Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
katie.coleman@hugheshubbard.com
dustin.smith@hugheshubbard.com
jacob.gartman@hugheshubbard.com

*Proposed Counsel for the
Debtors and Debtors in Possession*