**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXELCO NORTH AMERICA, INC., *et al.*,[1] | Case No. 17-12029 (KG) |
| Debtors. | (Joint Administration to be Requested) |
| | **Ref. Docket No. 3** |

**CERTIFICATION OF COUNSEL REGARDING ORDER (I) ENFORCING SECTIONS 362 AND 365 OF BANKRUPTCY CODE AND (II) CONFIRMING THE DEBTORS' AUTHORITY WITH RESPECT TO POSTPETITION OPERATIONS**

The undersigned hereby certifies as follows:

1.       On September 26, 2017, Exelco North America, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors")  in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Court").

2.       On the date hereof, the Debtors filed the *Debtors Motion for the Entry of an Order (I) Enforcing Sections 362 and 365 of the Bankruptcy Code and (II) Confirming the Debtors' Authority With Respect to Postpetition Operations* [Docket No. 3] (the "Motion").

3.       As set forth in the Motion, the Debtors seek entry of a proposed form of order (the "Proposed Order") that, among other things, enforces the automatic stay provided under section 362 of the Bankruptcy Code (as defined in the Motion), confirms the status of the

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Exelco North America, Inc. (6925); Exelco NV (N/A); FTK Worldwide Manufacturing BVBA (N/A); and Ideal Diamond Trading USA Inc. (5849).  The mailing address for the Debtors is 1209 Orange Street, c/o The Corporation Trust Company, Wilmington, Delaware, 19801.

Debtors' authority with respect to the postpetition operation of their business, and grants such other relief as the Court deems just and proper.

4. In light of the pending Chapter 11 Cases, the facts and circumstances set forth in the Motion and the Declaration of Philippe Van den Broeke (the "Declaration") attached thereto, the Debtors' extensive foreign operations, the scope and nature of the automatic stay provided under section 362 of the Bankruptcy Code, and the necessity to share the Proposed Order with foreign creditors as appropriate, the Debtors hereby submit the Proposed Order that, among other things, (i) clarifies that each Debtor is, as of September 26, 2017, a debtor in possession by operation of section 1107 of the Bankruptcy Code; (ii) the Debtors are authorized to operate their business in the ordinary course by operation of section 1108 of the Bankruptcy Code; and (iii) pursuant to sections 105 and 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), whether located within the United States or otherwise, are stayed, restrained and enjoined from (x) taking any action, whether inside or outside the United States to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the Debtors' estates, wherever located; (y) commencing or continuing any judicial, administrative or other action or proceeding against the Debtors; or (z) taking any action to collect, assess or recover a claim against the Debtors that arose prior to the commencement of these Chapter 11 Cases.  The Motion, Declaration and Proposed Order were shared with the Office of the United States Trustee prior to submission hereof, and the UST has advised the Debtors' proposed undersigned counsel that it does not object to entry of the Proposed Order under certification of counsel.

01:22395839.2

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Order without further notice or hearing at the Court's earliest convenience.  The Debtors'

undersigned counsel is available should the Court have questions or concerns regarding the relief

requested.


Dated:    September 27, 2017
          Wilmington, Delaware          */s/ Andrew L. Magaziner*
                                        Michael R. Nestor (No. 3526)
                                        Andrew L. Magaziner (No. 5426)
                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone:  (302) 571-6600
                                        Facsimile:  (302) 571-1253
                                        mnestor@ycst.com
                                        amagaziner@ycst.com

                                        -and-

                                        Kathryn A. Coleman
                                        Dustin Smith
                                        Jacob H. Gartman
                                        HUGHES HUBBARD & REED LLP
                                        One Battery Park Plaza
                                        New York, NY 10004-1482
                                        Telephone:  (212) 837-6000
                                        Facsimile:  (212) 422-4726
                                        katie.coleman@hugheshubbard.com
                                        dustin.smith@hugheshubbard.com
                                        jacob.gartman@hugheshubbard.com

                                        *Proposed Counsel to the Debtors and*
                                        *Debtors in Possession*

01:22395839.2

# **EXHIBIT A**

## **PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **EXELCO NORTH AMERICA, INC.,** | Case No. 17-12029 (KG) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **EXELCO NV,** | Case No. 17-12030 (KG) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **FTK WORLDWIDE MFG. BVBA,** | Case No. 17-12031 (KG) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **IDEAL DIAMOND TRADING USA INC.,** | Case No. 17-12032 (KG) |
| **Debtor.** | |

**ORDER (I) ENFORCING SECTIONS 362 AND 365 OF THE
BANKRUPTCY CODE AND (II) CONFIRMING THE DEBTORS'
AUTHORITY WITH RESPECT TO POSTPETITION OPERATIONS**

Upon the Motion[1] of Exelco North America, Inc. and its affiliated debtors and

debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the

"Debtors"), requesting entry of an order, pursuant to sections 105(a), 362, and 365 of the

Bankruptcy Code, enforcing the Bankruptcy Code's automatic stay provisions and confirming

---

1.   All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the status of the Debtors' authority with respect to the postpetition operation of their business; and upon consideration of the Van den Broecke Declaration submitted with the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order herewith consistent with Article III of the U.S. Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      Effective as of the Petition Date, by operation of law, as provided by section 1107 of the Bankruptcy Code, each Debtor is, and has the legal status of, a debtor and debtor in possession.

3.      Effective as of the Petition Date, by operation of law, as provided by section 1108 of the Bankruptcy Code, as a debtor in possession, each Debtor is authorized to operate its business in the ordinary course, including, without limitation, negotiating and entering into business transactions, performing obligations, incurring liabilities and paying amounts in respect of such transactions as of the Petition Date as they become due and payable.

01:22397011.3

4.      Pursuant to sections 105 and 362 of the Bankruptcy Code, and subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) whether located within the United States or otherwise, and governmental units, whether of any foreign country (including any division, department, agency, instrumentality, or service thereof and all those acting on their behalf) or of the United States, any state, county, or locality therein, and any territory or possession thereof, are hereby stayed, restrained, and enjoined from:

a) taking any action whether inside or outside the United States to obtain possession of property of the Debtors' estates, wherever located, to exercise control over property of the estate, wherever located, or to force the liquidation of any assets of the Debtors;

b) taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

c) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these Chapter 11 Cases, or recovering a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

d) enforcing against the Debtors or against property of their estates a judgment or order obtained before the commencements of these Chapter 11 Cases;

e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of these Chapter 11 Cases;

f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these Chapter 11 Cases; and

g) offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors.

5.      In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

6.      This Order is declarative and is intended to be coterminous with, *inter alia*, sections 362, 363, 365, 541, 1107, and 1108 of the Bankruptcy Code.  Nothing herein shall abridge, enlarge, nor modify the rights and obligations of any party.

7.      Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code, or (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2017

_____
The Honorable Kevin Gross
United States Bankruptcy Judge