## <u>EXHIBIT B</u>

**Van den Broecke Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **EXELCO NORTH AMERICA, INC.,** | Case No. 17-12029 (KG) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **EXELCO NV,** | Case No. 17-12030 (KG) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **FTK WORLDWIDE MFG. BVBA,** | Case No. 17-12031 (KG) |
| **Debtor.** | |
| *In re* | Chapter 11 |
| **IDEAL DIAMOND TRADING USA INC.,** | Case No. 17-12032 (KG) |
| **Debtor.** | |

**DECLARATION OF PHILIPPE VAN DEN BROECKE IN SUPPORT OF
DEBTORS' MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Pursuant to 28 U.S.C. § 1746, I, Philippe Van den Broecke, submit this

Declaration under penalty of perjury under the laws of the United States of America, and state as

follows:

1.      I am a Belgian attorney and partner in the law firm Agio.  I have a Master in Law from Vrije Universiteit Brussel in Brussels, Belgium.  I am a member of the bars of Brussels and Antwerp.

2.      I represent Exelco NV, a Debtor in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"), in the Belgian proceedings described herein.

3.      As set forth in the my Declaration (the "Initial Declaration") annexed to that certain *Debtors' Motion for the Entry of an Order (I) Enforcing Sections 362 and 365 of the Bankruptcy Code and (II) Confirming the Debtors' Authority with Respect to Postpetition Operations* [Docket No. 3] (the "Automatic Stay Motion"), Debtor Exelco NV was involved in a proceeding commenced by voluntary application pursuant to the Act on the Continuity of Enterprise ("ACE") in the Antwerp Commercial Court located in Belgium (the "ACE Proceedings").

4.      On September 26, 2017, at approximately 3:30 p.m. Brussels time, Exelco NV filed a statement in the Antwerp Commercial Court, authorized and signed by the directors of Exelco NV, voluntarily withdrawing from the ACE Proceedings.

5.      On September 26, 2017, at approximately 7:00 p.m. Brussels time, I sent a memorandum to counsel to KBC Bank NV ("KBC") in which I explained Exelco NV's withdrawal from the ACE Proceedings and disputed KBC's standing demand for the Antwerp Commercial Court to authorize the  liquidation of Exelco NV.

6.      Following the withdrawal from the ACE Proceedings and the transmittal of my memorandum to counsel for KBC, the Debtors in the above-captioned cases, including Exelco NV, filed petitions for Chapter 11 protection in the United States Bankruptcy Court for the District of Delaware (the "Court") between approximately 3:00 a.m. and 4:00 a.m. Brussels

time on September 27, 2017.  In my memorandum of September 27, 2017, I informed KBC's

attorneys of the commencement of the Chapter 11 Cases.

7.      At a hearing before the Antwerp Commercial Court held at 10:00 Brussels

time on September 27, 2017, KBC's attorneys continued to advocate for the immediate

liquidation of Exelco NV.  Avner Bengera, a partner of Hughes Hubbard & Reed LLP, proposed

counsel to the Debtors, was present at the hearing.  Mr. Bengera and I explained that bankruptcy

and liquidation of Exelco NV was prohibited by operation of United States bankruptcy law.

However, despite their knowledge of the commencement of the Chapter 11 Cases, KBC

continued to pursue legal action before the Antwerp Commercial Court that, if allowed to

proceed, would result in the seizure and liquidation of Exelco NV's assets.

8.      Given KBC's course of action, the Debtors in these Chapter 11 Cases filed

the Automatic Stay Motion, with the accompanying Initial Declaration, and sought entry of an

order enforcing sections 362 and 365 of the Bankruptcy Code against all of the Debtors'

creditors, including KBC.

9.      Upon consideration of the Automatic Stay Motion, the Court entered that

certain *Order (I) Enforcing Sections 362 and 365 of the Bankruptcy Code and (II) Confirming*

*the Debtors' Authority with Respect to Postpetition Operations* [Docket No. 5] (the "<u>Automatic</u>

<u>Stay Order</u>") on September 28, 2017, a copy of which is attached hereto as **<u>Exhibit A</u>**.

10.     Immediately upon entry of the Automatic Stay Order, the Debtors'

proposed restructuring counsel, Katie Coleman of Hughes Hubbard & Reed LLP, prepared and

served, via hand delivery, overnight mail and via email, the correspondence attached as

**<u>Exhibit B</u>** hereto (the "<u>Automatic Stay Letter</u>"), clarifying that the automatic stay imposed by

section 362 of the Bankruptcy Code prohibited KBC from taking further action in the ACE

Proceedings, or otherwise, against the Debtors' assets, absent relief from the Court.  Moreover, the Automatic Stay Letter attached the Court's Automatic Stay Order and instructed KBC to cease and desist all actions in the ACE Proceedings.

> 11.     I also requested via email on September 28, 2017, that the bailiff Sacré in Brussels serve a hard copy of the Automatic Stay Order on KBC's counsel and received, via email, confirmation that service will be effectuated as requested.

> 12.     Upon receipt of the Automatic Stay Letter, counsel to KBC submitted the correspondence attached hereto as **Exhibit C** to the Antwerp Commercial Court overseeing the ACE Proceedings (the "KBC Letter").  In the KBC Letter, a translated copy of which is attached hereto as **Exhibit D**, KBC does not confirm that it withdraws its brief in which it insists on bankruptcy of Exelco NV, and this notwithstanding the imposition of the automatic stay and the Automatic Stay Order entered by the Court on September 27, 2017.  A Belgian court is expected to act by noon Antwerp time on Friday, September 29, 2017 (the "Belgian Hearing") with respect to KBC's proposed liquidation of the Debtors' assets which, if allowed to proceed, would irreparably damage the Debtors' business operations.

*[Signature Page Follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on September 28, 2017.

/s/ Philippe Van den Broecke
Philippe Van den Broecke

# **EXHIBIT A**

## **Automatic Stay Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **EXELCO NORTH AMERICA, INC.,** | Case No. 17-12029 (KG) |
| Debtor. | |
| *In re* | Chapter 11 |
| **EXELCO NV,** | Case No. 17-12030 (KG) |
| Debtor. | |
| *In re* | Chapter 11 |
| **FTK WORLDWIDE MFG. BVBA,** | Case No. 17-12031 (KG) |
| Debtor. | |
| *In re* | Chapter 11 |
| **IDEAL DIAMOND TRADING USA INC.,** | Case No. 17-12032 (KG) |
| Debtor. | |

## ORDER (I) ENFORCING SECTIONS 362 AND 365 OF THE BANKRUPTCY CODE AND (II) CONFIRMING THE DEBTORS' AUTHORITY WITH RESPECT TO POSTPETITION OPERATIONS

Upon the Motion[1] of Exelco North America, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>"), requesting entry of an order, pursuant to sections 105(a), 362, and 365 of the Bankruptcy Code, enforcing the Bankruptcy Code's automatic stay provisions and confirming

---

1.  All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:22397011.3

the status of the Debtors' authority with respect to the postpetition operation of their business; and upon consideration of the Van den Broecke Declaration submitted with the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order herewith consistent with Article III of the U.S. Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.  The Motion is GRANTED as set forth herein.

2.  Effective as of the Petition Date, by operation of law, as provided by section 1107 of the Bankruptcy Code, each Debtor is, and has the legal status of, a debtor and debtor in possession.

3.  Effective as of the Petition Date, by operation of law, as provided by section 1108 of the Bankruptcy Code, as a debtor in possession, each Debtor is authorized to operate its business in the ordinary course, including, without limitation, negotiating and entering into business transactions, performing obligations, incurring liabilities and paying amounts in respect of such transactions as of the Petition Date as they become due and payable.

4.      Pursuant to sections 105 and 362 of the Bankruptcy Code, and subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) whether located within the United States or otherwise, and governmental units, whether of any foreign country (including any division, department, agency, instrumentality, or service thereof and all those acting on their behalf) or of the United States, any state, county, or locality therein, and any territory or possession thereof, are hereby stayed, restrained, and enjoined from:

a) taking any action whether inside or outside the United States to obtain possession of property of the Debtors' estates, wherever located, to exercise control over property of the estate, wherever located, or to force the liquidation of any assets of the Debtors;

b) taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

c) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these Chapter 11 Cases, or recovering a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

d) enforcing against the Debtors or against property of their estates a judgment or order obtained before the commencements of these Chapter 11 Cases;

e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of these Chapter 11 Cases;

f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of these Chapter 11 Cases; and

g) offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors.

01:22397011.3

3

5.      In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

6.      This Order is declarative and is intended to be coterminous with, *inter alia*, sections 362, 363, 365, 541, 1107, and 1108 of the Bankruptcy Code.  Nothing herein shall abridge, enlarge, nor modify the rights and obligations of any party.

7.      Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code, or (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: Wilmington, Delaware
Sept. 27    , 2017

The Honorable Kevin Gross
United States Bankruptcy Judge

## **EXHIBIT B**

### **Automatic Stay Letter**

**Hughes**
**Hubbard**
**& Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Katie Coleman
Partner
Direct Dial: +1 (212) 837-6447
Direct Fax: +1 (212) 299-6447
katie.coleman@hugheshubbard.com

September 27, 2017

OVERNIGHT DELIVERY AND EMAIL

Bob Delbaere
MDP-advocaten
ADVOCATENKANTOOR
Generaal Van Merlenstraat 3
2600 Antwerpen – Berchem
Belgium

> Re:    *In re Exelco North America, Inc.*
> *In re Exelco NV*
> *In re FTK Worldwide MFG. BVBA*
> *In re Ideal Diamond Trading USA Inc.*

Dear Mr. Delbaere:

We are counsel to Exelco North America, Inc., Exelco NV, FTK Worldwide MFG. BVBA, and Ideal Diamond Trading USA Inc. (collectively, the "Debtors").

On September 26, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "United States Bankruptcy Court"). Copies of the petitions and court dockets are annexed hereto as Exhibit A.

On the Petition Date, an "automatic stay" went into effect under section 362 of the Bankruptcy Code (the "Automatic Stay"). The Automatic Stay imposed by federal bankruptcy law prohibits any action (1) to exercise control over the Debtors' property, or (2) to collect on a debt that arose before the commencement of Debtors' bankruptcy cases. Section 362 of the Bankruptcy Code provides, in relevant part, that the filing of a petition for bankruptcy acts as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case . . . ." [1] Any actions taken outside of the United States Bankruptcy Court to collect any

---

1.    11 U.S.C. §§ 362(a)(3), (6).

prepetition amounts, including commencing or continuing litigation, are stayed under section 362 of the Bankruptcy Code.

In addition, on September 27, 2017, the United States Bankruptcy Court entered an *Order Enforcing Sections 362 and 365 of the Bankruptcy Code* (the "Stay Order"), which enjoins all persons (including KBC Bank NV) from, among other things, (i) taking any action whether inside or outside the United States to obtain possession of property of the Debtors' estates, wherever located, to exercise control over property of the estates, wherever located, or to force the liquidation of any assets of the Debtors, (ii) taking any action to create, perfect, or enforce any lien against property of the Debtors' estates, (iii) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the bankruptcy cases, or recovering a claim against the Debtors that arose before the commencement of the bankruptcy cases, or (iv) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the bankruptcy cases. A copy of the Stay Order is annexed hereto as Exhibit B.

The Automatic Stay and Stay Order both bar your client from continuing to pursue any action against the Debtors in connection with the Act on the Continuity of Enterprises in Belgium (the "Belgium Proceeding") or in any other venue other than the United States Bankruptcy Court and is void *ab initio*. Any action taken to pursue or continue the Belgium Proceeding or any other action against any of the Debtors after September 26, 2017, constitutes a willful violation of the Automatic Stay and Stay Order, and such willful violations of the Automatic Stay are sanctionable under section 362(k) of the Bankruptcy Code.

Your client shall cease and desist all actions in the Belgium Proceeding immediately, including withdrawing any documents presented in the Belgium Proceeding after September 26, 2017,  and provide the Debtors with prompt confirmation of such cessation. Should your client not do so, the Debtors will take whatever action they deem appropriate to enforce the Automatic Stay and to pursue all remedies available to them under law or equity, including but not limited to actual damages (including costs and attorneys' fees), punitive damages, and sanctions.

Please do not hesitate to contact me with any questions regarding this matter.

Very truly yours,

Kathryn A. Coleman

Enclosures

cc:    Oliver Stevens
       Pieter Wouters
       Tobe Inghelbrecht
       Saskia Mermans

**<u>EXHIBIT C</u>**

**KBC Letter**

# Stibbe

Amsterdam  Brussels  Dubai  Hong Kong  London  Luxembourg  New York

Per fax en per e-mail
Rechtbank van Koophandel te Antwerpen
t.a.v. de Voorzitter van de 22e kamer
Bolivarplaats 20
2000 Antwerpen

E: howard.vanoystaeyen@just.fgov.be
F: 03 257 84 57

<u>ZEER DRINGEND</u>

Oliver Stevens°
T +32 2 533 54 46
F +32 2 533 51 08
oliver.stevens@stibbe.com

Stibbe
Central Plaza
Loksumstraat 25
1000 Brussel
België
www.stibbe.com

Onze ref.
2036145 – OS
Uw ref.
T/17/00029
R/17/00063
Datum
28 september 2017

## KBC Bank / Exelco NV (T/17/00029 en R/17/00063)

Hooggeachte heer Voorzitter,

Zoals u weet, treden wij in het dossier onder hoofding op als raadslieden van KBC Bank NV. Wij verwijzen daarbij naar de pleitzitting van gisteren.

Wij ontvingen deze nacht om 02u.04, van de Amerikaanse raadslieden van Exelco NV de bijgevoegde briefwisseling en documenten.

De raadsman van Exelco NV kon u deze documenten op de zitting nog niet bijbrengen, zodat wij U ze thans bijbrengen.

Wij zijn deze documenten nog aan het bestuderen en cliënte is zich verder aan het bevragen bij Amerikaanse raadslieden, maar afgaande op de brief van de Amerikaanse raadsman van Exelco NV en de bijgevoegde documenten (waaronder een vooralsnog niet via gerechtsdeurwaarder aan cliënte betekende "Stay Order" van de US Bankruptcy Court van Delaware van 27 september 2017; zie de 4 laatste bladzijden van de bijgevoegde stukken), begrijpen wij dat cliënte geen nieuwe procedurele initiatieven meer zou mogen nemen in België (waaronder wij begrijpen, het uitbrengen van een nieuwe dagvaarding in faillissement of het indienen van nieuwe conclusies).

Wij richten u deze brief namens cliënte, hoffelijkheidshalve en, voor zoveel als nodig, ten einde cliënte toe te laten om zich te conformeren aan het 'Stay Order'.

Onderhavige brief wordt u gericht onder voorbehoud van alle rechten van cliënte (m.n. doch niet uitsluitend het recht om de voormelde beslissingen aan te vechten in de VS) en zonder enige

Stibbe cvba (advocatenassociatie) is een Belgisch advocatenkantoor geregistreerd bij de Belgische Kruispuntbank van Ondernemingen onder het nummer RPR 0429 914 688 - BTW nummer BE0429914688. Stibbe cvba verleent haar diensten na een overeenkomst met Stibbe cvba, die exclusief aan Belgisch recht onderworpen is. De algemene voorwaarden van Stibbe cvba, waarin een aansprakelijkheidsbeperking is opgenomen, zijn van toepassing. Deze zijn te vinden op www.stibbe.com/generalconditions of worden u op verzoek toegestuurd.
°bvba

# Stibbe

nadelige erkenning (m.n. doch niet uitsluitend ten aanzien van de draagwijdte en uitvoerbaarheid van de beslissingen).

Een afschrift dezer richten wij aan de raadslieden van Exelco NV.

Hoogachtend,

Oliver Stevens°                    Ivan Peeters°                    Bob Delbaere

# EXHIBIT D

## Translated KBC Letter

Stibbe                    Amsterdam    Brussels    Dubai    Hong Kong    London    Luxembourg    New York

Per fax and per e-mail
**Commercial Court in Antwerp**
c/o President of the 22nd Chamber
Bolivarplaats 20
2000 Antwerp

E; howard.vanoystaeyen@just.fgov.be
F: 03 257 84 57


<u>VERY URGENT</u>

Oliver Stevens*
Phone: +32 2 533 54 46
Fax: +32 2 533 51 08
oliver.stevens@stibbe.com

Stibbe
Central Plaza
Loksumstraat 25
1000 Brussels
Belgium
www.stibbe.com

Our reference:
2036145 - OS
Your reference:
T/17/00029
R/17/00063
Date:
September 28, 2017

**KBC Bank /Excelco NV (T/17/00029 and R/17/00063)**


Your most honorable President,

As you know, in the dossier we act as councilors of KBC Bank NV. We hereby refer you to the hearing of yesterday.

Last night at 02:04 AM we received from the American councilors of Excelco NV the attached letter exchange and documents.

The councilor of Excelco NV was not able to supply you with these documents during the hearing, so we bring them to you now.

We are still studying these documents and the client is making further inquiries with the American councilors, but relying on the letter of the American councilor of Excelco NV and the attached document (including a not as yet registered by the bailiff "Stay Order" from the US bankruptcy court of Delaware of September 27, 2017; see also the last 4 pages of the attached documents), we understand that the client cannot undertake any new procedural initiatives in Belgium (which we understand to mean the issuing of a new bankruptcy summons or the submission of new conclusions).

We direct you this letter on behalf of the client, for the sake of courtesy, and as much as necessary, to allow the client to confirm itself to the "Stay Order".

This current letter is directed to you, subject to all rights by the client (especially, although not exclusively, the right to fight the above-mentioned decision in the United States), and without any adverse recognition (especially concerning the scope and the practicability of the decisions).


A copy of this is being directed to the councilors of Excelco NV.


Sincerely,

[signature]                   [signature]                    [signature]
Oliver Stevens*               Ivan Peeters*                  Bob Delbaere

[Signature: P. Van der Putten, loco]
[Signature: Pieter Wouters, lawyer]

Stibbe cvba (association of lawyers) is a Belgian law office registered with the Belgian Kruispunt Bank under number RPR 0429 914 988 - VAT/TAX number BE0429914688. Stibbe cvba offers her services after an agreement with Stibbe cvba, which falls exclusively under Belgian law. The general provisions of Stibbe apply, which include limited liability. These can be found on www.stibbe.com/generalconditions and can be sent to you upon request.
*bvba