# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **Exelco North America, Inc.,** <br><br>       Debtor. | Chapter 11 <br><br> Case No. 17-12029 (KG) |
| *In re* <br><br> **Exelco NV,** <br><br>       Debtor. | Chapter 11 <br><br> Case No. 17-12030 (KG) |
| *In re* <br><br> **FTK Worldwide Mfg. BVBA,** <br><br>       Debtor. | Chapter 11 <br><br> Case No. 17-12031 (KG) |
| *In re* <br><br> **Ideal Diamond Trading USA Inc.,** <br><br>       Debtor. | Chapter 11 <br><br> Case No. 17-12032 (KG) <br><br> Docket Ref. No. 7 |

## **TEMPORARY RESTRAINING ORDER**

Upon the *Motion for a Temporary Restraining Order and Preliminary Injunction* dated September 28, 2017 (the "Motion")[1] of Exelco North America, Inc., Exelco NV, FTK Worldwide Manufacturing BVBA, and Ideal Diamond Trading USA Inc., (each a "Debtor," and collectively, the "Debtors") for entry of a temporary restraining order enjoining KBC's actions, as more fully described in the Motion, until a hearing for a preliminary injunction can be held;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

01:22401666.1

and this Court having reviewed the Motion and the Declarations annexed thereto; and a telephonic hearing having been conducted on September 28, 2017; and after due deliberation thereon, it is hereby

FOUND AND DETERMINED THAT:

1. The legal and factual bases set forth in the Motion and the Declarations establish just cause for the relief granted herein. The Debtors have demonstrated a reasonable likelihood of success on the merits of their claims against KBC alleging violations of the Automatic Stay.

2. Failure to enter this TRO would cause immediate and irreparable injury to the Debtors.

3. The serious and irreparable harm to the Debtors from failure to issue a TRO far outweighs any harm to KBC.

4. Issuance of this TRO will preserve the status quo pending a resolution of the Debtors' request for a preliminary injunction, and KBC will not be harmed by the issuance of a TRO.

5. Issuance of a TRO appears necessary to protect the interests of all parties in interest in these chapter 11 cases, and serves the public interest by preventing the improper disruption of the ongoing restructuring process. Failure to enjoin the acts governed by this Order would jeopardize the Debtors' estates to the detriment of all creditors and stakeholders of the Debtors.

It is therefore ORDERED THAT:

1. As of 3:40 p.m. (ET) on this date, the Motion is GRANTED as set forth herein.

2. Pending a hearing on and determination of the Debtors' request for a preliminary injunction, KBC is enjoined from (i) further violating the automatic stay provision of section 362 of the Bankruptcy Code and this Court's *Order (I) Enforcing Sections 362 and 525 of the*

01:22401666.1

2

*Bankruptcy Code and (II) Confirming the Debtors' Authority with Respect to Postpetition Operations* (ECF No. 5), and (ii) seeking to seize and/or liquidate the Debtors' assets and from further attempts to use the Act on the Continuity of Enterprises in Belgium or other legal proceedings to seize and/or liquidate the Debtors' assets. KBC is hereby directed to immediately withdraw all pending requests for relief against the Debtors or their assets in the Antwerp Commercial Court (and any other court) and immediately inform such court(s) of that withdrawal not later than 9 am Central European Time on Friday, September 29, 2017.

3. This Order shall expire in fourteen (14) days from this date unless otherwise extended by this Court or upon consent of the parties, and a hearing date and objection deadline shall be scheduled.

4. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms of provisions of this TRO.

Dated: Wilmington, Delaware
       September 28, 2017

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE